EDWARD J. LaROSE, Plaintiff, *v.* JOHN POSSEHL and Another, Defendants.

Supreme Court, Kings County, August 24, 1935.

*Morris Shapiro,* for the plaintiff.

*William J. Jones,* for the defendants.

McLAUGHLIN, J. This is an application for a temporary injunction against the International Union of Operating Engineers, Local 138, to restrain it from refusing to recognize the plaintiff as a member in good standing, from depriving him of his rights as a member of the union and to vacate, rescind and set aside his fine and sus-· pension from the union. It amply appears from an examination of the affidavits submitted in support of the motion that the plaintiff has been arbitrarily and unlawfully ousted from his membership in the union without the hearing guaranteed to him by its constitu-

tion and by-laws; that he has been unlawfully fined and that the illegal action of the defendant has prevented and is preventing the plaintiff from securing any employment at his vocation whatsoever. The defendants have not met the burden of controverting the facts set forth in the plaintiff's affidavits and the court is convinced of the sincerity and good faith of the plaintiff in bringing this application and of the fact that a wrong has been and is being committed against him.

The defendants rely chiefly upon the claimed lack of jurisdiction in this court to grant a temporary injunction because of the provisions of section 876-a of the Civil Practice Act (added by Laws of 1935, chap. 477). That section was enacted for the purpose of curing abuses that had theretofore existed and by which the use of the temporary injunction had become a familiar weapon of employers in disputes with their employees and had been used by them as a means of coercing employees and breaking strikes. I am of the opinion that the Legislature in passing this beneficial amendment to the Civil Practice Act did not contemplate placing a restriction upon the courts which would prevent them from interfering at the behest of an ousted workman against a labor organization which had unlawfully interfered with his rights.

Reliance is placed by the defendants on paragraph (a) of subdivision 10 of the section wherein it is provided that " a case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in the same industry, trade, craft or occupation, or who are employees of one employer; * * * whether such dispute is between one or more employers or associations of employers and one or more employees or associations of employees." The defendant labor union would have the court read that section as if there came within the prohibition of the Legislature any matter in which a labor union or employees' association is involved. A careful analysis of the subdivision in question clearly demonstrates that the Legislature in fact did not intend the section to be that broad and sweeping. It is necessary to read subdivision 10 as an entirety in order to define the intent of paragraph (a) thereof. Paragraph (c) of subdivision 10 defines a labor dispute as " any controversy concerning terms or conditions of employment or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment or concerning employment relations, or any other controversy arising out of the respective interests of employer and employee, regardless of whether or not the disputants stand in relation of employer and employee." The present case does not come within this definition of a labor dispute since the terms or

conditions of employment are not involved, but the only question at issue is an internal dispute between the members of an association itself as to whether or not the plaintiff shall be recognized as such a member. This is a subject as to which the courts have repeatedly exercised jurisdiction, and I do not believe that in the absence of clear language to the contrary, the Legislature intended to divest the Supreme Court of its power of review. Certainly, it could not have been contemplated that in an action of this type, an ousted member in order to secure redress against a large union would be required to post a bond of $10,000 as a prerequisite to obtaining relief as provided in subdivision 3. Certainly it could not have been contemplated that the court must necessarily make a finding that public officers charged with a duty to protect complainants' property have failed or are unable to furnish adequate protection as is required by paragraph (e) of subdivision 1. It, therefore, becomes necessary in order to give to this section the effect that the Legislature seems to have intended and in accordance with well-settled statutory rules of construction to construe the word " or " in paragraph (a) of subdivision 10, immediately preceding the clause " when the case involves any conflicting or competing interest " to read " and " and to determine that paragraphs " a," " b " and " c " of subdivision 10 shall be read in the conjunctive rather than the disjunctive and that compliance with all three paragraphs of subdivision 10 are prerequisite to a deprivation of jurisdiction in this court. It is true that more than the usual disputes between a labor organization and an employer are contemplated by the statute. It is not necessary for the purposes of this application that the section be further delimited. I do accordingly rule that section 876-a of the Civil Practice Act has no application to a dispute between a member of a labor organization and the organization itself concerning his rights to be a member thereof or to exercise the benefits of such membership and that the plaintiff is entitled to the injunction sought. The motion is granted and the defendants are enjoined and restrained pending the trial and determination of this action from preventing the plaintiff from procuring employment as a member of the defendant union and from representing to any person, firm or corporation that the plaintiff is not a member of the defendant union in good standing and from taking any steps during the pendency of this action to enforce the fine of the plaintiff. The further relief sought by the plaintiff is not granted and those issues must await a final judgment of the court. The amount of the plaintiff's bond is fixed at the sum of $100. Settle order on notice.